UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOE HAND PROMOTIONS, INC.,

    Plaintiff,

v.                                                  Case No: 2:13-cv-626-FtM-38UAM

CREATIVE ENTERTAINMENT, LLC dba
PEARL LOUNGE, et al.,

    Defendants.
_____/

## ORDER[1]

This matter comes before the Court on the Defendants, Daniel Kummer and K5 Partners, LLC.'s Motion to Dismiss (Doc. #5) filed on August 06, 2013; the Defendants Michael Difede and Difede & Associates 003, LLC's Motion to Dismiss (Doc. # 24) filed on September 18, 2013; the Defendants Robert A. Lee, Jr. and Lee Associates 014, LLC's Motion to Dismiss (Doc. # 25) filed on September 18, 2013, and the Defendants We Three, LLC.'s Motion to Dismiss (Doc. # 26) filed on September 18, 2013. The Plaintiff Joe Hand Promotions, Inc. filed a Response in Opposition to the Motions to Dismiss filed by Michael Difede and Difede & Associates 003, LLC, Defendants Robert A. Lee, Jr. and Lee Associates 014, LLC, and We Three, LLC.'s (Doc. # 28) on October

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

1

3, 2013. After the previous Motions were filed and a Response was filed, the Defendants Anthony Difede filed his Motion to Dismiss (Doc. # 27) on October 3, 2012. All of the Motions to Dismiss are based upon the same legal arguments and factual basis and the Court will address them as one considering the Response as applicable to all of the Motions to Dismiss.

## BACKGROUND

Plaintiff initiated this action by filing a three-count Complaint (Doc #1) on July 2, 2013. The Complaint alleges that Defendants used an illegal method to intercept Plaintiff's UFC 116: *Lesnar vs. Carwine* broadcast ("Broadcast") in violation of the Cable Communications Policy Act ("CCPA"), 47 U.S.C. §§ 553, 605 (2006). The Complaint further alleges a state claim for conversion for the Defendants willful interception and subsequent use of the Broadcast for its own economic benefit.

According to the Complaint, the Plaintiff, Joe Hand Promotions, Inc., was granted the right to distribute the Broadcast, including all undercard bouts and the entire television broadcast, scheduled for July 3, 2013, via closed circuit television and encrypted satellite signal. Plaintiff entered into subsequent agreements with entities in the State of Florida allowing them to display the Broadcast to their patrons. The Broadcast was unlawfully intercepted and displayed at the Pearl Lounge which is located at 1403 Cape Coral Highway E, Cape Coral, FL 33904. The Complaint alleges violations of 47 U.S.C. § 605 (Count I), violations of 47 U.S.C. § 553 (Count II), and a state law conversion claim (Count III).

Plaintiff alleges Defendants, are individually and separately liable for the alleged unlawful interception of the Broadcast at the Pearl Lounge. The Complaint alleges that

Daniel Kummer had supervisory capacity and control of the activities occurring within Pearl Lounge at the time of the unlawful Broadcast and that K5 Partners, LLC. was affiliated with the Pearl Lounge at that time. The Complaint also asserts that Defendants received a financial benefit from the illegal Broadcast.

The Defendants have moved to dismiss the Complaint. Their primary argument is that they cannot be liable under the CCPA based on the facts currently alleged. According to the Defendants, an individual can only be held liable under the CCPA to the extent the individual actually participated in the illegal activity, and the allegations in the Complaint are ambiguous as to these Defendants' personal involvement therefore, the Complaint should be dismissed.

## **DISCUSSION**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Bedasee v. Fremont Investment & Loan, 2010 WL 98996 * 1 (M.D. Fla. January 6, 2010) (citing Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007)); Christopher v. Harbury, 536 U.S. 403, 406, 122 S. Ct. 2179, 153 L. Ed. 2d 413 (2002). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Insurance Co. v. Ground Down Engineering, Inc., 540 F.3d 1270, 1274 (11th Cir.2008) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). The Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether

they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, --- U.S. ----, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009). Dismissal is warranted under Fed. R. Civ. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Bedasee, 2010 WL 98996 at * 1 (citing Neitzke v. Williams, 490 U.S. 319, 326, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)); Brown v. Crawford County, 960 F.2d 1002, 1009-10 (11th Cir. 1992).

The CCPA provides owners of intellectual property with a cause of action against persons and entities who, without authorization, "intercept or receive or assist in intercepting or receiving any communications service offered over a cable system." § 553(a)(1), (c)(1). The Plaintiff alleges that Defendants are liable under the CCPA for unlawfully intercepting and displaying the Broadcast at the Pearl Lounge for the purposes of commercial or private financial gain.

## *Direct Liability*

Defendants argue the Complaint should be dismissed because it fails to allege the facts necessary to support a claim for direct liability for violations of the CCPA. The Plaintiff states in Count I as follows:

> [u]pon information and belief, with full knowledge that the Broadcast was not to be received and exhibited by entities unauthorized to do so, Defendants and/or their agents, servants, workmen and/or employees unlawfully intercepted, received and/or de-scrambled said satellite signal, did exhibit the Broadcast at the above-captioned address and/or addresses at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

(Doc. # 1, ¶ 14). The Defendants argue that the use of the term and/or creates ambiguities as to whether or not the Defendants acted on their own behalf or whether

4

agents, servants, workmen or employees acted independently on their own without the Defendants' knowledge or consent.

The Complaint's usage of several "and/or" conjunctions among other ambiguities, make the allegations against Defendants vague and ambiguous. J & J Sports Prods., Inc. v. Torres, 6:09CV391-ORL-19DAB, 2009 WL 1774268 (M.D. Fla. June 22, 2009); (citing United States v. Bush, 70 F.3d 557, 562 (10th Cir.1995) (explaining that the use of "and/or" is strongly disfavored because it creates unnecessary ambiguity)). For example, based on the language of the Complaint, it is possible that an employee in the establishment intercepted and descrambled the Broadcast on his/her own, for his/her own personal benefit, without Defendants knowledge. Thus, the Defendants would not be liable for a CCPA violation. Plaintiffs in federal court are permitted to plead in the alternative, Fed. R. Civ. P. 8(d)(2) (permitting alternative pleading), but they are not permitted to plead "in the ambiguous". Id. § 8(d)(1) ("Each allegation must be simple, concise, and direct.").

Therefore, because the Complaint does not allege sufficient facts to hold the Defendants directly liable for violations of the CCPA, the Court finds dismissal of Count I is proper. If the Plaintiff wishes to plead in the alternative that all of the Defendants are directly liable for a CCPA violation because they personally intercepted and descrambled the Broadcast or directed someone to do so, it must state so in the Complaint clearly and succinctly. Id.

### *Vicarious Liability*

Alternatively, the Plaintiff attempts to invoke a test for vicarious liability applied under the Copyright Act to hold Defendants liable for alleged CCPA violations.

Defendants assert that owners of a business cannot be held vicariously liable for their employee's violations of the CCPA.

The CCPA itself is silent on the issue of vicarious liability. J & J Sports Prods., Inc. v. Torres, 2009 WL 1774268 * 3 (M.D. Fla. June 22, 2009). There is a split in authority within the Middle District of Florida as well as the other districts in Florida as to whether or not vicarious liability should be extended to the CCPA and under what circumstances it would apply. The Defendants argue from J & J Sports Prods., Inc. v. Torres, that vicarious liability cannot be applied to violations of the CCPA. The Torres Court stated that it was "not convinced that the test for vicarious liability under the Copyright Act should be extended to the CCPA[.]" Id. (citing Time Warner Entm't v. Worldwide Elecs., L.C., 50 F. Supp. 2d 1288, 1300 n. 13 (S.D. Fla. 1999)). The Court in Torres noted that there was not a common legislative history between the CCPA and the Copyright Act, or that the CCPA was intended to include a similar vicarious liability rule. Id. However, the Torres Court did not hold that the vicarious liability claim found in the Copyright Act could not apply to the CCPA only that the plaintiff failed to articulate any in its response. The Court did acknowledge that arguments may exist in favor of extending the vicarious liability rule to the CCPA, under different factual circumstances. Thus, the Torres Court did not exclude the vicarious liability standard from the CCPA but only found that it did not apply in the factual circumstances as set forth by the Plaintiff in that specific case.

In fact, several courts within the Eleventh Circuit have held that vicarious liability does apply to the CCPA. In order to hold an individual vicariously liable for a violation of either 47 U.S.C. § 605 or § 553, the plaintiff must show (1) that the individual

6

Defendants had the right and ability to supervise the violations, and (2) that he had a strong financial interest in such activities. *See* Joe Hand Promotions, Inc. v. Sorota, 2012 WL 2414035, (S.D.Fla. Jun.26, 2012); Joe Hand Promotions, Inc. v. Caddyshanks, LLC, 8:12-CV-2675-T-33AEP, 2013 WL 869527 (M.D. Fla. Mar. 7, 2013). Liability under this theory may be imposed if the individual had the right to supervise the infringing parties and received a financial benefit from the infringement; the plaintiff need not demonstrate direct knowledge of the infringing activity or that the infringer was necessarily acting within the scope of employment. Id.; Kingvision Pay–Per–View Ltd. v. Villalobos, 554 F.Supp.2d 375, 381 (E.D.N.Y.2008).

The Plaintiff alleged in the Complaint that the Defendants exhibited the Broadcast for purposes of direct or indirect commercial advantage or private financial gain. (Doc. # 1, ¶ 22). The Complaint also alleges that Robert A. Lee, Jr., Daniel Kummer, Michael Difede and Anthony Difede directly profited personally from the showing and further that each had supervisory authority over the employees present at the Pearl Lounge when the alleged violation took place. (Doc. # 1, ¶¶ 8-9). Thus, the Plaintiff has sufficiently alleged a claim for vicarious liability against the Defendants under the CCPA.

*Conversion*

The Complaint also alleges a claim for conversion stating that Defendants tortuously obtained possession of the Broadcast and wrongfully converted it to their own use and benefit. Defendants challenge the Plaintiff's conversion claim on the same basis as those previously discussed. The Defendants claim the Complaint is vague as

7

to how the Defendants are personally liable and the Complaint misapplies the vicarious liability standard for a conversion claim.

Under Florida law, the elements of conversion are "(1) an act of dominion wrongfully asserted; (2) over another's property; and (3) inconsistent with his ownership therein." Joe Hand Promotions, Inc. v. Hart, WL 1289731, *2 -3 (S.D.Fla.,2012) (citing Special Purpose v. Prime One, 125 F.Supp.2d 1093, 1099–1100 (S.D.Fla.2000) (citing Warshall v. Price, 629 So.2d 903, 904 (Fla. 4th DCA 1993)). The Defendants state that since the Plaintiff relies entirely on vicarious liability provided by the Copyright Act to establish its CCPA claim it has failed to establish a claim for conversion since there is no vicarious liability under the CCPA.

Contrary to the Defendants' Motion, vicarious liability can be claimed under the CCPA. As such, based upon the information in the Complaint, the Court finds that the broadcast at issue may be the basis of a conversion claim because, under Florida law, a conversion claim "may extend to the wrongful taking of intangible business interests." Total Mktg. Techs., Inc. v. Angel Medflight Worldwide Air Ambulance Servs., LLC, 2012 WL 33150, at *3 (M.D.Fla. Jan.6, 2012) (citing In re Corbin's Estate, 391 So.2d 731, 732 (Fla. 3d DCA 1980)). In Intelsat Corp. v. Multivision TV LLC, 2010 WL 5437261 (S.D. Fla. Dec. 27, 2010), a court specifically permitted a claim for conversion of satellite services. Therefore, it appears that Plaintiff has properly alleged conversion of the UFC fight broadcast. Hence, at this stage of the proceedings, the conversion count will not be dismissed.

## CONCLUSION

The Court finds the Complaint is ambiguous as to how the Defendants are directly liable under Count I. The Court will allow leave to amend on Count I in order for the Plaintiff to clarify the ambiguity. The Court finds at this point in the proceedings that the Plaintiff has sufficiently pled vicariously liability for a CCPA violation as well as a conversion claim of the broadcast. Therefore, the Defendants' Motions to Dismiss are granted in part and denied in part. Plaintiff may file an Amended Complaint within fourteen (14) days that complies with this Order by stating a legally sufficient and adequately pled basis for direct liability as to all Defendants.

Accordingly, it is now

**ORDERED:**

I. The Defendants Daniel Kummer and K5 Partners, LLC.'s Motion to Dismiss Plaintiff's First Amended Complaint (Doc. # 5) is **GRANTED in part and DENIED in part**.

1. The Plaintiff's Complaint against the Defendants, Daniel Kummer and K5 Partners, LLC. is **GRANTED** without prejudice as to Count I.
2. Otherwise the Motion to Dismiss is **DENIED**.
3. The Plaintiff may file an amended complaint that complies with the Order above on or before **October 29, 2013.**

II. The Defendants Michael Difede and Difede & Associates 003, LLC's Motion to Dismiss (Doc. # 24) is **GRANTED in part and DENIED in part**.

1. The Plaintiff's Complaint against the Defendants is **GRANTED** without prejudice as to Count I.

2. Otherwise the Motion to Dismiss is **DENIED**.

3. The Plaintiff may file an amended complaint that complies with the Order above on or before **October 29, 2013**,

III. The Defendants Robert A. Lee, Jr. and Lee Associates 014, LLC's Motion to Dismiss (Doc. # 25) is **GRANTED in part and DENIED in part**.

1. The Plaintiff's Complaint against the Defendants is **GRANTED** without prejudice as to Count I.

2. Otherwise the Motion to Dismiss is **DENIED**.

3. The Plaintiff may file an amended complaint that complies with the Order above on or before **October 29, 2013**,

IV. The Defendant We Three, LLC.'s Motion to Dismiss (Doc. # 26) is **GRANTED in part and DENIED in part**.

1. The Plaintiff's Complaint against the Defendant is **GRANTED** without prejudice as to Count I.

2. Otherwise the Motion to Dismiss is **DENIED**.

3. The Plaintiff may file an amended complaint that complies with the Order above on or before **October 29, 2013**,

V. The Defendant, Anthony Difede's Motion to Dismiss (Doc. # 27) is **GRANTED in part and DENIED in part**.

1. The Plaintiff's Complaint against the Defendant is **GRANTED** without prejudice as to Count I.

2. Otherwise the Motion to Dismiss is **DENIED**.

3. The Plaintiff may file an amended complaint that complies with the Order above on or before **October 29, 2013**,

**DONE** and **ORDERED** in Fort Myers, Florida this 15th day of October, 2013.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record